IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of K.W. and I.W., persons under eighteen years of age. | ) ) ) | PER CURIAM DECISION |
| _____ | ) | Case No. 20120684-CA |
| | ) | |
| A.G., | ) ) | F I L E D (October 4, 2012) |
| Appellant, | ) ) | 2012 UT App 281 |
| v. | ) ) | |
| State of Utah, | ) ) | |
| Appellee. | ) | |

-----

Third District Juvenile, Salt Lake Department, 1061588
The Honorable Kimberly K. Hornak

Attorneys:     Michael McDonald, Salt Lake City, for Appellant
               Mark L. Shurtleff and John Peterson, Salt Lake City, for Appellee
               Martha Pierce, Salt Lake City, Guardian Ad Litem

-----

Before Judges Orme, Thorne, and Roth.

¶1     A.G. (Mother) appeals the termination of her parental rights. Mother claims that the evidence was insufficient to support the grounds for termination and that the juvenile court erred in finding those grounds due to Mother's testimony that she was aware of the deficits in her parenting, was committed to remaining sober in the future, was on a waiting list for residential treatment, had housing and employment, and was making the necessary changes in her life. Mother also challenges the determination that it was in the best interests of the children to terminate Mother's parental rights to allow them to be adopted. We affirm.

¶2     The juvenile court was required "to consider the totality of the evidence regarding [Mother's] parenting--all of her conduct up to the termination trial." *In re B.R.*, 2007 UT 82, ¶ 13, 171 P.3d 435.  However,

> the weight which a juvenile court must give any present ability evidence is necessarily dependent on the amount of time during which the parent displayed an unwillingness or inability to improve his or her conduct and on any destructive effect the parent's past conduct or the parent's delay in rectifying the conduct has had on the parent's ability to resume a parent-child relationship with the child. . . . [I]f a parent has demonstrated some improvement in parenting ability but not a strong likelihood that the parent can provide a proper home for the child in the very near future, after a long period of separation, a history of problems and failure to remedy, and deterioration of the relationship between the child and parent, this court should not overturn a court's order terminating parental rights.

*Id*. (quoting *In re M.L.*, 965 P.2d 551, 561-62 (Utah Ct. App. 1998)).

¶3     The juvenile court considered Mother's testimony, provided without any supporting proof, that she began attending group counseling after the termination of services and was on a waiting list at a residential treatment program.  However, the court found that Mother admitted to drug use within the thirty days before the termination trial and admitted using methamphetamine as recently as a couple of days before trial.  Mother testified that since the case started, she had used methamphetamine once a week, occasionally using it as frequently as three times a week.  Mother completed a substance abuse evaluation earlier in the case that recommended residential treatment at the House of Hope.  However, Mother left the House of Hope after only a day and a half due to her use of methamphetamine.  The court found that Mother had not addressed her drug addiction as of the time of the termination trial and therefore remained an unfit parent.  Mother's testimony that she was living with a friend in Utah County and had obtained employment was also not supported by proof other than her own testimony.  Significantly, Mother did not claim at the time of trial that she was ready to function as a parent to her children and instead asked for additional time and services.  The juvenile court adequately considered all

evidence of Mother's claimed present parenting ability, and the grounds for termination are supported by sufficient evidence.

¶4     Mother also claims that the best interests determination was not supported by sufficient evidence, "specifically in light of the evidence presented regarding the mother's love for her children, her willingness to do better, and her recent attempts to access residential treatment." At the time of the termination trial, the children had been in a foster home for approximately seven months. I.W. had been in that home since the age of five weeks. The children were doing well and were bonded with the foster parents, who wished to adopt them. During supervised visits, Mother had appeared to be overwhelmed with parenting two children. The juvenile court acknowledged that Mother loved her children, but because she had not addressed her long-standing substance abuse problem, it was in the children's best interests to terminate her parental rights to allow them to be adopted into a stable home.

¶5     "Because of the factually intense nature of such an inquiry, the juvenile court's decision should be afforded a high degree of deference." *Id*. ¶ 12. "Thus, in order to overturn the juvenile court's decision, the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *Id*. (citation and internal quotation marks omitted). "When a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *Id*. Accordingly, we affirm the decision to terminate Mother's parental rights.


_____
Gregory K. Orme, Judge


_____
William A. Thorne Jr., Judge


_____
Stephen L. Roth, Judge